IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DAVID ANTHONY MILLER, | ) | Case No.: 19-31377 |
| | ) | Chapter 7 |
| Debtor. | ) | |

**UNITED STATES TRUSTEE'S MOTION
FOR EXAMINATION UNDER BANKRUPTCY RULE 2004 OF RONALD A. BUCH**

NANCY J. GARGULA, the United States Trustee for the Southern District of Illinois, by Mark D. Skaggs, her attorney, and for her Motion For Examination Under Bankruptcy Rule 2004 of RONALD A. BUCH, states as follows:

1. Nancy J. Gargula, (hereinafter referred to as the "U.S. Trustee"), is the duly appointed United States Trustee for the Southern District of Illinois pursuant to 28 U.S.C. §581(a)(10).

2. Pursuant to 28 U.S.C. § 586(a), the U.S. Trustee is charged by Congress with the duty to monitor the administration of cases commenced under the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. ("Code").

3. Debtor, David Anthony Miller, commenced this case on October 10, 2019 by filing a voluntary petition for relief under Chapter 7 of the Code.

4. Debtor is represented by Ronald A. Buch of UpRight Law LLC, 5312 West Main Street, Belleville, IL 62226 ("Attorney Buch", "Local Partner Attorney" or "LPA") and UpRight Law LLC, 79 West Monroe St., Fifth Floor, Chicago, IL 60603 ("UpRight Law").

5. On October 10, 2019, the Court, *sua sponte*, set for hearing on November 5, 2019, the *Disclosure of Compensation of Attorney* sought by UpRight Law.

6. Pursuant to the statements made in open court at the November 5, 2019 hearing, the Court directed that UpRight Law submit an itemization of the services rendered by UpRight Law.

7. UpRight Law filed its *Accounting of Fees* on December 12, 2019 as Court Docket Document # 15 ("Accounting").

8. The U.S. Trustee is in the process of reviewing not only the Accounting filed by UpRight in this case, but in numerous others cases pending in the Southern District of Illinois, along with, as directed by the Court, the facts and circumstances of the manner in which legal services are provided by UpRight Law for consumers whose cases are filed in the Southern District of Illinois.

9. The Bankruptcy Rules provide, "[o]n motion of any party in interest, the court may order the examination of any entity", and the production of documents may be compelled. Rules 2004(a) and 2004(c), respectively. An order authorizing a Rule 2004 examination may be entered ex parte. *In re Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985). The scope of Rule 2004 includes obtaining information on, among other things:

> acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.

*(See,* Rule 2004(b).)

10. A court may review compensation received by any attorney in connection with a case, "whether or not such attorney applies for compensation." 11 U.S.C. § 329(a). The examination may also relate to "any other matter relevant to the case …"  (*See,* Rule 2004(b).)

12. The U.S. Trustee is an official of the United States Department of Justice charged by statute with the duty to oversee and supervise the administration of bankruptcy cases. *(See,* 28

U.S.C. § 586(a).) Congress has expressly given the United States Trustee standing under 11 U.S.C. § 307 to raise and be heard on any issue under title 11, except that the United States Trustee may not file a reorganization plan under chapter 11. (*See,* 11 U.S.C. § 307.) (*See also, In re South Beach Secs,* 606 F.3d 366, 372 (7th Cir. 2010)*; United States Trustee v. Price Waterhouse*, 19 F.3d 138, 141 (3d Cir. 1994). *In re Plaza de Diego Shopping Center*, 911 F.2d 820, 824 (1st Cir. 1990).) "In enacting § 307, Congress did not limit the issues which the United States Trustees may raise to those specifically enumerated in § 586. Rather, Congress used very broad, all-inclusive language to authorize the United States Trustees to raise any issue in any case or proceeding." *In re DeShetler,* 453 B.R. 295, 303 (Bankr. S.D. Ohio 2011). As such, the United States Trustee is not required to demonstrate any concrete, particularized injury under § 307 to assert standing. *See United Artist Theater Co. v. Walton*, 315 F.3d 217, 225 (3d Cir. 2003). Rather, the United States Trustee may take such actions as she deems necessary under § 307 to protect the public interest in the enforcement of federal bankruptcy law, *In re Clark*, 927 F.2d 793, 796 (4th Cir. 1991), and her broad standing includes seeking and obtaining a Rule 2004 Examination of debtor, creditors and other third parties. *In re DeShetler,* 453 B.R. at 306-307; *In re Youk-See,* 450 B.R. 312, 323 (Bankr. D. Mass. 2001).

13. In enacting §329 and Bankruptcy Rules 2016 and 2017, overreaching by debtor's counsel and preservation of the assets of the bankruptcy estate for the benefit of creditors were among the matters in the bankruptcy arena Congress addressed. *See* H.R.Rep. No. 595, 95th Cong., 2d Sess., at 329, reprinted in 1978 U.S.C.C.A.N. 5963, 6285; *In re Geraci,* 138 B.R. 314, 320 (7th Cir. 1998). Similarly, 11 U.S.C. § 526 – 528, which cover attorneys, among other debt relief agencies, were enacted as part of the Bankruptcy Abuse Prevention and Consumer protection Act of 2005 (BAPCPA) "to correct perceived abuses of the bankruptcy system." *Milavetz, Gallop &*

*Milavetz, P.A. v. United States,* 559 U.S. 229, 231–32, 130 S.Ct. 1324, 176 L.Ed.2d 79 (2010). Accordingly, the factual circumstances involving the reasonableness of attorney's fees and the propriety of the transactions between the Debtor and UpRight Law, including UpRight Law's employees and agents, are among the matters the U.S. Trustee may investigate by way of a Rule 2004 Examination.    *See* 11 U.S.C. §§ 307, 329, 526 -528, and Fed.R.Bankr.P. 2016 and 2017.

14.    The scope of a Rule 2004 Examination is quite broad, relating to just about anything that deals with the debtor's actions, assets, liabilities or financial affairs, its right to a discharge, or *any matter affecting the administration of the bankruptcy estate*. (Emphasis added.)   *In re Sheetz,* 452 B.R. 746, 748 (Bankr. N.D. Ind. 2011). The fees UpRight Law charged and the assistance they provided may affect the administration of the above-captioned bankruptcy estate. *In re Hayes,* 2017 L 3264008 (Bankr. N.D. Ga. July 31, 2017).

15.    The exact nature of the various agents and employees of UpRight Law and their involvement in the case and the extent to which those actors may have influenced what chapter Debtor filed and how much the fees were charged may be related directly to the question of the value of the services provided.  In determining the reasonableness of the fees UpRight Law charged, it is unquestionably relevant whether a non-lawyer explained to Debtor the difference between chapter 7 and chapter 13, thus defining and explaining legal terms of art. *See In re Pinkins,* 213 B.R. 818, 821 (Bankr. E.D. Mich. 1997).

16.    Greater latitude of inquiry is permitted in a Rule 2004 Examination than in depositions under the Federal Rules of Civil Procedure, and the examination can legitimately be in the nature of a fishing expedition. *In re Wilcher,* 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985) (citations and quotations omitted); *In re Sheetz,* 452 B.R. at 748.   Of course, this inquiry directly relates to the Court's request to the U.S. Trustee to investigate.    As such, "the fact that [an

examination] may also produce information which in turn may collaterally be used by third parties in separate litigation … is no reason to restrict its use or to shield parties ... from such possible litigation." *In re Lufkin,* 255 B.R. 204, 208 (Bankr. E.D. Tenn. 2000) (citing and quoting *In re Mittco, Inc.,* 44 B.R. 35, 38 (Bankr.E.D.Wis.1984).

17. The U.S. Trustee wishes to examine Attorney Buch, among other things, concerning the process undertaken in deciding to file bankruptcy, interactions between Debtors and Debtors' attorneys, how the bankruptcy schedules and related documents were prepared and completed, with whom Debtor interacted and communicated with concerning her bankruptcy filing, as well as the particular tasks performed by UpRight Law, the timing of the various tasks, who performed the tasks, where the tasks were performed, length of time between the date of the final payment of UpRight Law fees and the actual filing of the bankruptcy case, and other matters relevant to the services provided by UpRight Law.

18. Given the number of requests to be made and the specific documents requested as well as based upon general discussions with UpRight Law counsel and the position taken by UpRight Law in other similar cases before this Court, on March 26, 2020, the undersigned counsel for the U.S. Trustee made a request via email of UpRight Law that UpRight Law agree to the Rule 2004 Examination requested herein.  On April 3, 2020, UpRight Law, through attorney Charles Marquardt, advised that UpRight Law would not agree to the examination requested herein and to the examination request of the Debtor made contemporaneously with this Motion.

19. The U.S. Trustee moves for an order directing UpRight Law to produce the Requested Documents set forth in the attached Exhibit A to the U.S. Trustee at the office of the U.S. Trustee at 401 Main Street, Suite 1100, Peoria, IL 61602, via electronic means as UpRight Law has done in several other cases to date, within 30 days of entry of the Order approving this

Motion, should the Court approve this Motion.

20.     Following receipt of the Requested Documents, the U.S. Trustee will then determine whether she intends to proceed with an oral examination of Attorney Buch and/or the Debtors.

**WHEREFORE**, the U.S. Trustee respectfully requests and prays that this Court enter an Order directing UpRight Law produce the Requested Documents identified in Exhibit A within 30 days of the entry of the Order granting this Motion, and then Ordering Attorney Buch to appear at a time and place for examination under Rule 2004 of the Federal Rules of Bankruptcy Procedure as may be requested by the U.S. Trustee and agreed upon by the parties, and for such other relief as this Court may deem appropriate.

Dated: April 7, 2020

Respectfully Submitted,

NANCY J. GARGULA,
United States Trustee

*/s/ Mark D. Skaggs*

Mark D. Skaggs,
Trial Attorney

**Certificate of Service**

    The undersigned certifies that a copy of the foregoing was served upon counsel via the Clerk of the Court's CM/ECF filing system and upon Debtor(s) via regular first class mail, proper prepaid postage and deposited at a U.S. Mailbox in Peoria, Illinois on April 7, 2020 addressed as follows:

**David Anthony Miller**
200 South 4th Street
Dupo, IL 62239

*/s/ Mark D. Skaggs*

Mark D. Skaggs

Mark D. Skaggs, ARDC No.: 6210087
United States Department of Justice
Office of the United States Trustee
401 Main Street, Suite 1100
Peoria, IL 61602
Phone: (309) 671-7854, ext. 226
Email: Mark.D.Skaggs@usdoj.gov